Parker, C. J.
It is admitted that the note, on which the usurious interest is alleged in this action to have been received, has not yet been paid ; and, upon that account, we are of opinion that un’awful interest has never yet been taken. Indeed, judgment has been rendered against the defendant Warren, in his suit upon the note, it having been avoided as usurious; and if he should be held answerable in this suit for the penalty, he will have lost twice the whole amount of the sum loaned—which we think is not within the intention of the legislature, as expressed in the statute.
* The authority principally relied upon by the plaintiff’s counsel is the case of Loyd, qui tam, &c., vs. Williams. (2) There, the borrower received the whole sum agreed to be loaned, and paid out of it to the lender, as and for interest, a sum exceeding the lawful interest. This was held to be a taking, from which the statute of limitations began to run.
The case before us was different. The whole sum loaned was not paid over, but the balance, after deducting the discount; so that, in fact, 400 dollars were never lent, as stated in the declaration, but a less sum, for which the borrower promised to pay 400 dollars, which was the principal lent and the excessive interest. The defendant has, then, received nothing, either principal or interest, and *411 therefore he cannot be liable for the penalty. This is like the case of Maddock, qui tam,, &c., vs. Hammet & Al., (3) in which the same 'principle is settled by the Court of King’s Bench.
The case of The Commonwealth vs. Frost (4) has been cited in support of the action ; but the facts in that case were different. There, upon every renewal, Clough, the borrower, went with the usury in hand, and paid it over as interest to Frost, who received it as such. He therefore was liable, whether he should ever receive the principal or not. In the present case, nothing was paid or received as interest, and therefore the penalty has not accrued, (a)

Judgment on the verdict.

 3 Wils. 250.

 7 D. & E. 184.

 4 Mass. Rep. 155.

 Brook vs. Middleton, 1 Cowp. 445. — Barbe, qui tam, vs. Parker 1 H. Bl. 283.— Borrowdale Al. v. t. vs. Middleton, 2 Cowp. 53.