WILLIAM H. SMITH *vs.* EDWIN A. ROBINSON & another.

No sum can be recovered as a forfeiture for usury, under Gen. Sts. *c.* 53, §§ 4, 5, unless there has been an actual payment or tender of more than the amount borrowed with lawful interest.

If a suit in equity is brought to redeem land from a mortgage which was made upon a usurious contract, and the defendant in his answer claims rights under it, and declines to release the same without a further payment, the plaintiff is entitled to a deduction of the statute forfeiture for usury, or so much of it as is required to discharge the amount remaining due on the mortgage, and to judgment for redemption and costs.

BILL IN EQUITY to redeem land from a mortgage. The case was heard in this court before *Gray,* J., who ordered that a decree be entered for the plaintiff for possession of the premises, and for the sum of $49.81, and costs, upon the following facts :

" The plaintiff being indebted to James W. Bean in the sum of about $300, and Bean being indebted to the defendants in the sum of $662.40, it was agreed by and between the plaintiff, Bean and the defendants, that the plaintiff should make to the defendants a promissory note for one year in the sum of $1000, not bearing interest, secured by mortgage of real estate of the plaintiff in Charlestown, and should pay to the defendants interest at the rate of one per cent. a month on that sum; in consideration of which they should give up their debt against Bean and pay to the plaintiff the balance of the $1000, deducting some items of incidental expenses. Such a note and mortgage were accordingly made by the plaintiff to the defendants, for which the consideration actually paid by the defendants was only the sum of $880, in manner following: $662.40 by discharging their debt against Bean; $13.60 for expenses of making and recording the mortgage deed, and for insurance; and $204 paid in money by the defendants to the plaintiff. The defendants took and reserved to themselves the sum of $120 for interest on their loan to the plaintiff, of which $52.80, (or interest on $880 for one year at six per cent.) was lawful, and $67.20 was usury. Bean became utterly insolvent before making any settlement with the plaintiff, so that the plaintiff never obtained payment of any part of the excess of the sum of $662.40 over his own debt to Bean.

" It was admitted by the parties that the plaintiff had made a tender before bringing this suit; and that, if nothing was to be deducted for unlawful interest from the amount due on the mortgage, the plaintiff was entitled to redeem the land upon payment to the defendants of the sum of $199.28, with interest on that sum from the 12th of November 1864; but that if threefold the amount of unlawful interest taken and reserved by the defendant was to be deducted, then the plaintiff was entitled to a decree for possession of the premises and for payment by the defendants of the sum of $49.81, with interest thereon from the said 12th of November."

The defendants appealed to the whole court.

*C. B. Goodrich,* for the defendants, cited *Simpson* v. *Warren,*

15 Mass. 460; *Fitzroy* v. *Gwillim*, 1 T. R. 153; *Hindle* v *O'Brien*, 1 Taunt. 413; *Scott* v. *Nesbit*, 2 Bro. C. C. 641; 1 Story on Eq. §§ 301, 302; *Stevens* v. *Lincoln*, 7 Met. 525; *Saunders* v. *Lambert*, 7 Gray, 484.

*C. Robinson, Jr.*, for the plaintiff.

HOAR, J. This case depends upon principles which are familiar and well settled. There are two remedies which the statutes provide for usury; one, where an action is brought upon a contract or assurance, and it appears that a greater rate of interest than is allowed by law has been reserved, taken or received, in which case the defendant shall recover his costs, and the plaintiff shall forfeit threefold the amount of the unlawful interest, and shall have judgment only for the balance due after deducting the forfeiture; and the other, where unlawful interest has been paid, and the person paying it may within two years from the time of payment have an action of contract or bill in equity to recover back threefold the unlawful interest so paid. Gen. Sts. *c.* 53, §§ 4, 5.

In the latter case, no recovery of the forfeiture can be had unless there has been an actual payment of unlawful interest within two years. There is a *locus penitentiæ* to the usurious lender, and if he receives no more than the sum lent, with lawful interest, he does not incur the penalty. *Simpson* v. *Warren*, 15 Mass. 460.

The plaintiff in this suit cannot therefore recover as a penalty any sum whatever, because the amount which has been paid or tendered upon the usurious contract does not equal the amount which he actually received, with lawful interest.

On the other part of the case, it was determined in *Hart* v. *Goldsmith*, 1 Allen, 145, that in a suit in equity to redeem a mortgage, if the defendant by his answer claims the performance of the usurious contract, he is to be considered as an actor within the meaning of the statute, and the mortgagor is entitled to the benefit of the forfeiture for usury in reduction of the sum payable upon the mortgage, exactly as he would have been if the defendant had brought an action to foreclose. The amount of the forfeiture being more than enough to extinguish the whole

amount due on the mortgage note, after deducting the sum already paid or tendered, the plaintiff is entitled to a decree for redemption, without further payment, and for his costs. He need not have tendered so much as he has; but by doing so, he has deprived himself of the advantage of deducting the whole of the penalty.

*Hart* v. *Goldsmith* has been so recently decided that it is unnecessary to restate the reasons for the decision, the correctness of which we see no cause to question. But there is one remark which was inadvertently made in delivering the opinion in that case, which should be corrected. On page 148 it is said that " if the doctrine urged by the defendant should prevail, the singular result would follow, that this court under one bill in equity might require a sum of money to be paid to him, which the plaintiff might immediately maintain another bill in equity to recover back." This, would not be true, if the defendant were only required to pay the sum lent with legal interest, as in such case no penalty would be incurred. It would be true, if the contract were treated as valid notwithstanding the illegal interest reserved; and if no effect whatever were given to the proof of usury on a bill to redeem; so that the plaintiff should be allowed to redeem, only on payment of the whole sum secured by the usurious contract.

> *Decree that the plaintiff redeem without further payment, and for his costs.*